# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

THOMAS E. SMITH, JR.,

    Petitioner,

    v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:20-cv-5830; 2:20-cv-5915
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

Petitioner has filed two habeas corpus petitions under 28 U.S.C. § 2254 and § 2241, seeking immediate release. The matter is before the Undersigned on these consolidated habeas corpus petitions, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Undersigned **RECOMMENDS** this action be **DISMISSED**. Given this posture, Petitioner's Motion for Court Order and Motion to Take Judicial Notice (Docs. 7, 8) are **DENIED**.

## I.    BACKGROUND

Petitioner is a state prisoner presently incarcerated at the Belmont Correctional Institution serving a sentence for his May 2018 convictions in the Butler County Court of Common Pleas on tampering with evidence, aggravated possession of drugs, and possession of heroin. (Doc. 10, PAGEID # 116, 118). Petitioner does not challenge these underlying criminal convictions. Instead, he asserts that his continued imprisonment violates the Eighth Amendment because he is at high risk of death from COVID-19. (Doc. 6, PAGEID # 40). He further asserts that prison officials have acted with deliberate indifference to his medical needs. (*Id*.). Specifically, Petitioner complains that he lives in dorm housing with 124 other men with inadequate social distancing.

1

(*Id.*). He also claims that staff and other inmates refuse to wear masks. (*Id.*). As for his health, he has represented that he suffers from asthma and obesity.

In the state courts, Petitioner filed various motions for judicial release (Doc. 10, PAGEID # 120, 126, 130), and he pursued grievances within the prison system. Having failed in those efforts, he came to this Court, seeking immediate release. Respondent, however, argues that Petitioner's claim is not properly addressed in habeas corpus proceedings, is unexhausted, and without merit. (*See generally* Doc. 12).

## II. COGNIZABILITY

Respondent argues, at length, that Petitioner's claim should not be addressed in habeas corpus proceedings under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Specifically, Respondent asserts that because Petitioner is raising an issue regarding the conditions of his confinement, his claims must be brought under 42 U.S.C. § 1983 instead. Previously, this Court rejected the same argument:

> [The] argument that Petitioner's case does not sound in habeas is unavailing. The Sixth Circuit's decision in *Wilson v. Williams* confirms this. *See* 961 F.3d at 838. There, the Court held that prisoners, like Petitioner, seeking immediate release due to health risks associated with COVID-19 could file a petition for a writ of habeas corpus under the provision of 28 U.S.C. § 2241. *See id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)) ("[R]elease from confinement ... is the heart of habeas corpus."); *see also Cameron v. Bouchard*, 815 F. App'x 978, 983 n.1 (6th Cir. 2020) (relying on *Wilson* and permitting pre-trial detainees and state prisoners to proceed with COVID-19 claims under § 2241); *Aultman v. Shoop*, No. 2:20-cv-3304, 2020 WL 4287535, at *1 (S.D. Ohio July 27, 2020) (relying on *Wilson* and holding that plaintiff's request for immediate release from custody failed to state a claim under 42 U.S.C. § 1983 and must be brought under the provision of 28 U.S.C. § 2241); *Blackburn v. Noble*, 479 F. Supp. 3d 531, 538 (E.D. Ky. 2020) (collecting cases and citing *Wilson* in finding that 28 U.S.C. § 2241 provides an avenue of relief for state prisoners seeking immediate release based on COVID-19).

*Lichtenwalter v. Warden, Belmont Corr. Inst.*, No. 2:20-cv-1559, 2021 WL 843162, at *2 (S.D. Ohio Mar. 5, 2021) (citing *Jaeger v. Wainwright*, No. 1:19-cv-2853, 2020 WL 3961962, at *3

2

(N.D. Ohio July 7, 2020)) (noting that some district courts, relying on Sixth Circuit precedent, have held that state prisoners must bring this type of claim under 28 U.S.C. § 2254); *see also Horner v. Warden, Belmont Corr. Inst.*, No. 2:20-cv-6118, 2021 WL 93148 (S.D. Ohio Mar. 11, 2021); *Wyckoff v. Warden, Belmont Corr. Inst.*, No. 2:20-cv-5580, 2021 WL 931554 (S.D. Ohio Mar. 11, 2021). For the same reasons, the Court rejects Respondent's argument.

## III. EXHAUSTION

Respondent next raises the issue of exhaustion. (Doc. 12, PAGEID # 193). While a state prisoner generally must exhaust state-court remedies before coming to federal court, courts are divided on whether the exhaustion requirement applies to COVID-19 Eighth Amendment prisoner claims:

> In light of the COVID-19 pandemic, federal courts are split on the issue of whether administrative remedies are currently available to prisoners. Some courts have considered the irreparable harm and time-sensitive nature prisoners face in light of the virus and find grievance procedures unavailable and thus, exhaustion not required. *See e.g., Sowell v. TDCJ*, No. H-20-1492, 2020 WL 2113603, at *3 (S.D. Tex. May 4, 2020) ("Where the circumstances present an imminent danger to an inmate, TDCJ's time-consuming administrative procedure, which TDCJ may choose to extend at will, presents no 'possibility of some relief.'" (citing *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016))); *United States v. Vence-Small*, No. 3:18-cr-00031, 2020 WL 1921590, at *5 (D. Conn. Apr. 20, 2020) ("In light of these emergency circumstances, some judges have [waived exhaustion requirements]") (citing *United States v. Russo,* 454 F. Supp.3d 270, 272–74 (S.D.N.Y. 2020) and *United States v. Haney*, 454 F. Supp.3d 316, 2020 WL 1821988, at *1–2 (S.D.N.Y. 2020)).

*Smith v. DeWine*, 476 F. Supp. 3d 635, 656 (S.D. Ohio Aug. 3, 2020).

In any event, a federal court may dismiss an unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2); *see Cameron v. Bouchard*, 815 F. App'x 978, 983 n.1 (6th Cir. 2020) (declining to address non-jurisdictional procedural issues where claim fails on the merits). Other courts have determined that the COVID-19 pandemic justifies such a course of action:

3

> [T]he failure to exhaust does not divest this Court of jurisdiction over their petition. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). A federal habeas court may consider unexhausted claims where "'unusual' or 'exceptional' circumstances" exist. *Id.* (quoting *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (citing *Granberry v. Greer*, 481 U.S. 129, 130 (1987))). As other Courts have observed, the current pandemic is an unusual or exceptional circumstance that could allow a federal court to consider the matter at hand. *Cameron v. Bouchard*, 462 F. Supp.3d 746, 2020 WL 2569868, at *15 (E.D. Mich. May 21, 2020).

*Blackburn v. Noble*, 479 F. Supp.3d 531, 2020 WL 4758358, at *5 (E.D. Ky. Aug. 17, 2020). The Undersigned likewise recommends that path here because, as discussed below, Petitioner's claim does not provide a basis for relief.

## IV. MERITS

This case turns on a simple fact. On March 30, 2021, Petitioner received the Moderna COVID-19 vaccine. (Doc. 10, PAGEID # 151). Also, to date, the Ohio Department of Rehabilitation and Correction ("ODRC") has offered more than 90% of Ohio's inmate population a COVID-19 vaccination. (*Id.*, PAGEID # 152). "The majority of incarcerated individuals who have not been vaccinated, have refused" and "[t]he remaining 10% of incarcerated individuals, who have not been offered the vaccine, are not permitted to be vaccinated, in reception status or have some other reason." (*Id.*, PAGEID # 152–53).

Here, Petitioner must establish that he is at high risk for complications from COVID-19 in order to obtain relief. *See Horner v. Warden, Belmont Corr. Inst.*, No. 2:20-CV-6118, 2021 WL 931481, at *4 (S.D. Ohio Mar. 11, 2021) (citing *Sow v. Adducci*, No. 2:20-CV-2140, 2020 WL 3000425, at *3 (S.D. Ohio June 4, 2020), *report and recommendation adopted*, 2020 WL 3415110 (S.D. Ohio June 22, 2020) (citing *Fofana v. Albence*, No. 20-10869, 2020 WL 1873307, at *10 (E.D. Mich. Apr. 15, 2020)); *Prieto Refunjol*, 461 F. Supp. 3d 675, 710 (S.D. Ohio 2020)). Given that he has received the Moderna vaccine, Petitioner cannot clear this hurdle. The Centers for Disease Control and Prevention ("CDC") indicates that the Moderna vaccine has been found to be

4

94% effective in preventing hospitalization among fully vaccinated adults and 64% effective among partially vaccinated adults. *See* https://www.cdc.gov/mmwr/volumes/70/wr/mm7018e1.htm?s_cid=mm7018e1_w. Accordingly, given his vaccination status, Petitioner cannot establish that he is at high risk for serious complications or death from COVID-19.

Further, in order "[t]o succeed on an Eighth Amendment claim for deliberate indifference to serious medical needs, a [petitioner] must prove more than mere negligence on behalf of prison authorities." *Blackburn*, 479 F. Supp. 3d at 539–40 (citing *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The inmate must establish that prison officials not only knew of an excessive risk but also disregarded it. *Smith*, 476 F. Supp. 3d at 661 (citing *Farmer v. Brennan*, 511 U.S. at 834, 837–38 (1994)). Thus, prison officials who know of "a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk[.]" *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (citing *Farmer*, 511 U.S. at 844). The record shows that prison officials have acted reasonably by offering the COVID-19 vaccine to more than 90% of Ohio's prison population, and, most importantly, to Petitioner. On these facts, Petitioner cannot demonstrate that Respondent has been deliberately indifferent to the risks COVID-19 presents.

## V. DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED**. Given this posture, Petitioner's Motion for Court Order and Motion to Take Judicial Notice (Docs. 7, 8) are **DENIED**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: June 8, 2021                     /s/Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE